IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 01-0474-PHX-SRB |
| Plaintiff-Respondent | ) ) | CV 05-0859-PHX-SRB (ECV) |
| vs. | ) ) | **REPORT AND RECOMMENDATION** |
| Greg Snake Surdukan, | ) ) ) | |
| Defendant-Movant. | ) ) | |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Pending before the court is Movant's *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Doc. #259. On March 27, 2002, pursuant to a plea agreement, Movant pleaded guilty to one count of Conspiracy to Possess with the Intent to Distribute 500 Grams or More of Methamphetamine in violation of 21 U.S.C. § 846 and § 841(b)(1)(A). Doc. #185, #186. On June 17, 2002, Movant was sentenced to 180 months in prison to be followed by five years of supervised release. Doc. #185.

On March 21, 2005, Movant filed the instant Motion to Vacate along with a Memorandum of Laws and Facts in Support of Motion. Doc. #259, #261. Movant alleges in the motion that his sentence was imposed in violation of U.S. v. Booker, 543 U.S. 220 (2005). He further alleges that he received ineffective assistance of counsel in violation of

the Sixth Amendment when his lawyer failed to raise these constitutional flaws in his sentence. On June 20, 2005, Respondent United States filed a Response to Motion to Vacate. Doc. #264. Respondent argues that Movant's motion to vacate is untimely because it was filed more than one year after his conviction became final.[1] Movant filed a Traverse to the United States' Response on August 8, 2005.

## DISCUSSION

Respondent contends that Movant's motion to vacate is barred by the one year limitation period in 28 U.S.C. § 2255. The limitation provision of the statute states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the judgment of conviction was filed on June 17, 2002. Doc. #185. Under Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal by a defendant must be filed within ten days of the judgment. Movant's judgment of conviction became final after the time expired for a notice of appeal, on or about July 2, 2002. Thus, Movant's § 2255 motion had to be filed no more than one year later, by July 2, 2003. Movant filed his motion on March 21, 2005, more than two and a half years after his judgment of conviction became final. Accordingly, unless the time to file was extended based on subsection two, three or four of the limitation provision, Movant's § 2255 motion is untimely.

---

[1] Respondent also raises other arguments in opposition including Movant's waiver in his plea agreement of the right to collaterally attack his sentence, but because the court concludes that the motion to vacate is untimely, it need not reach the other arguments.

1    Movant argues in his traverse that subsection four of the limitation provision applies
2 to him.  However, Movant fails to explain how the facts supporting his claim could not have
3 been discovered sooner.  Instead, he argues that he could not have filed the action any earlier
4 because Booker, supra, was not decided until January 2005.  Thus, Movant is actually
5 arguing that subsection three of the limitation provision applies to him - that the limitation
6 period should be extended in his case based on the right newly recognized by the Supreme
7 Court in Booker.[2]  Movant's argument is without merit, however, because the right
8 recognized in Booker has not been made retroactively applicable to cases on collateral
9 review.

10    The Ninth Circuit Court of Appeals recently held that "Booker is not retroactive and
11 does not apply to cases on collateral review where the conviction was final as of the date of
12 Booker's publication." United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005).  The Court
13 explained that its decision is consistent with every other circuit that has considered the
14 question of whether Booker applies retroactively.  Id. at 1120 (citations omitted).  Similarly,
15 in Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005), the Court held that Blakely v.
16 Washington, 542 U.S. 296 (2004) does not apply retroactively to convictions that were
17 already final when it was decided.

18    Here, Movant's conviction was final long before Blakely and Booker were decided
19 in 2004 and 2005, respectively.  Because those decisions do not apply retroactively to cases
20 on collateral review, subsection three of the limitation period in § 2255 does not help Movant
21 in this case.

22    Regarding Movant's claim that his attorney provided ineffective assistance of counsel
23 in violation of the Sixth Amendment, Movant fails to adequately explain his claim.  He
24 seems to be alleging that his attorney failed to raise at his sentencing the issue that was
25 ultimately decided by the Supreme Court in Booker.  Regardless, Movant fails to establish

---

[2] Movant does not allege that governmental action caused an impediment that prevented him from filing his motion, nor is the court aware of any facts supporting such an allegation.  Therefore subsection two of the limitation provision does not apply here.

- 3 -

1 that this claim was filed within the limitations period. None of the subsections referenced 2 above that would extend the limitations period beyond one year from the date the conviction 3 became final applies to the ineffective assistance claim.

4 For the foregoing reasons, the court finds that the claims raised by Movant in his 5 motion to vacate are barred by the limitation period in 28 U.S.C. § 2255. Accordingly, the 6 court will recommend that his motion be denied.

7 **IT IS THEREFORE RECOMMENDED:**

8 That the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal 9 Custody pursuant to 28 U.S.C. § 2255 (Doc. #259) be **DENIED**;

10 This recommendation is not an order that is immediately appealable to the Ninth 11 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of 12 Appellate Procedure, should not be filed until entry of the district court's judgment. The 13 parties shall have ten days from the date of service of a copy of this recommendation within 14 which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. 15 Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a 16 response to the objections. Failure to timely file objections to the Magistrate Judge's Report 17 and Recommendation may result in the acceptance of the Report and Recommendation by 18 the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 19 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the 20 Magistrate Judge will be considered a waiver of a party's right to appellate review of the 21 findings of fact in an order of judgement entered pursuant to the Magistrate Judge's 22 recommendation. See Fed. R. Civ. P. 72.

23 DATED this 13th day of March, 2006.

24
25
26
27                       Edward C. Voss
                         United States Magistrate Judge
28